Case 7:20-cv-00279   Document 42   Filed on 07/08/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| VS. | § CIVIL ACTION NO. 7:20-CV-279 |
| | § |
| 1.479 ACRES OF LAND, MORE OR LESS, *et al*, | § |
| | § |
| Defendants. | § |

### ORDER ESTABLISHING JUST COMPENSATION, GRANTING POSSESSION, DISTRIBUTING FUNDS AND CLOSING CASE

Before the Court is the "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit in the Registry of the Court for Tract RGV-RGC-2034" filed by the United States of America and Defendants Ninfa M. Mirelez, Edna Cantu and Ana Montalvo Garza.[1] The parties agree on just compensation as to Tract RGV-RGC-2034 ("Subject Property") and now seek an order: (1) establishing just compensation; (2) granting immediate possession of the Subject Property to the United States; (3) distributing the stipulated just compensation; and (4) closing this case on the Court's docket.

**I. BACKGROUND**

This case was commenced on September 16, 2020, seeking acquisition of a fee simple estate in property identified as Tract RGV-RGC-2034.[2] On September 22, 2020, the United States deposited $13,209.00 in the Registry of the Court as estimated just compensation.[3] Upon deposit of the estimated just compensation, title to the Subject Property vested in the name of the

---

[1] Dkt. No. 41.
[2] Dkt. Nos. 1 & 2.
[3] Dkt. No. 8.

United States by operation of law.[4] The United States obtained a waiver of service of judicial process from Defendants Ameida Salinas, Starr County Tax Assessor-Collector,[5] Edna Cantu,[6] Ana Montalvo Garza a/k/a Ana Montalvo,[7] Benito Montalvo Guerra a/k/a Benito Guerra,[8] Elva Munoz,[9] Ninfa M. Mirelez[10] and Jesus Hector Guerra.[11] The United States obtained disclaimers from Defendants Jose Montalvo, Jr.,[12] Lilia Guerra Riojas,[13] Luis Guerra,[14] Maria del Socorro Guerra a/k/a Maria Socorro Gonzalez a/k/a Socorro Gonzalez a/k/a Maria D. Guerra,[15] and Nelda Guerra Alvarez a/k/a Nelda Alvarez[16] who were ultimately dismissed from the case on December 8, 2020.[17] The United States also obtained a disclaimer from Jose Arturo Guerra.[18] The United States also named the "Unknown Heirs of Ramon Montalvo, Sr. and Alejandra Barrera de Montalvo", the "Unknown Heirs of Leocadia Montalvo, Unknown Heirs of Ramon Montalvo, Jr. & Unknown Heirs of Cesario Montalvo"; and the "Unknown Heirs of Jose Roel Montalvo and Eusebia G. Montalvo" in Schedule "G" of the Declaration of Taking and served them via publication.[19] However, no heirs have made an appearance or otherwise notified the United States of their potential interest in the Subject Property.

---

[4] Upon the filing of the Declaration of Taking and depositing the estimated compensation amount in the Registry of Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b); see E. Tennessee Nat. Gas Co. v. Sage, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit").
[5] Dkt. No. 7.
[6] Dkt. No. 9.
[7] Dkt. No. 10.
[8] Dkt. No. 11.
[9] Dkt. No. 18.
[10] Dkt. No. 19.
[11] Dkt. No. 20.
[12] Dkt. No. 21.
[13] Dkt. No. 22.
[14] Dkt. No. 23.
[15] Dkt. No. 24.
[16] Dkt. No. 25.
[17] Dkt. No. 29.
[18] Dkt. No. 33-10.
[19] Dkt. Nos. 17 & 30.

The Court previously entered an Order finding that only Ninfa M. Mirelez, Edna Cantu and Ana Montalvo Garza held an ownership interest in the Subject Property at the time of condemnation.[20]

## II. STIPULATION AND JUDGMENT

The United States and Defendants Ninfa M. Mirelez, Edna Cantu and Ana Montalvo Garza now agree and stipulate that the proper just compensation for Tract RGV-RGC-2034 in this action is $13,209.00, and this is in full satisfaction of any claim of whatsoever nature by Defendants against the United States for the institution and prosecution of the above-captioned action. The parties request a final judgment be entered against the United States in the amount of $13,209.00 for Tract RGV-RGC-2034.

The parties seek immediate disbursement of the funds on deposit in the Registry of the Court and have agreed that the funds should be disbursed as follows:

   i. $4,403.00 to Ninfa M. Mirelez with accrued interest from the date of deposit;

   ii. $4,403.00 to Edna Cantu with accrued interest from the date of deposit; and

   iii. $4,403.00 to Ana Montalvo Garza with accrued interest from the date of deposit.

Based on the foregoing, the Court finds that since the parties are in agreement about the amount of compensation, just compensation has been established. Final judgement is hereby entered against the United States in the amount of $13,209.00, along with any accrued interest. This sum is in full satisfaction of any claims whatsoever by Defendants Ninfa M. Mirelez, Edna Cantu and Ana Montalvo Garza against the United States for the institution and prosecution of the above-captioned action. The total said sum of $13,209.00, with accrued interest, shall be subject to all taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United

---

[20] Dkt. No. 40.

States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable to and deductible from this amount. There being no outstanding taxes or assessments due or owing, Defendants Ninfa M. Mirelez, Edna Cantu and Ana Montalvo Garza are responsible for the payment of any additional taxes or assessments, which they otherwise owe on the interests in the property taken in this proceeding on the date of the taking.

The parties have further agreed, in the event that any other party is ultimately determined to have any right to receive compensation for the interest taken in the Subject Property, Defendants Ninfa M. Mirelez, Edna Cantu and Ana Montalvo Garza shall refund the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by Defendants Ninfa M. Mirelez, Edna Cantu and Ana Montalvo Garza to the date of repayment into the Registry of the Court.[21]

Additionally, the Court finds that the United States is entitled to immediate possession of the Subject Property, and all persons in possession or in control of the interests taken in the Subject Property are ordered by this Court to surrender possession to the United States.

Should the United States construct infrastructure on the Subject Property as stated in Schedule B of the Declaration of Taking, the parties further agree that Defendants Ninfa M. Mirelez, Edna Cantu and Ana Montalvo Garza, any person or entity reasonably needed for the operation of Defendants' businesses or for the full use and enjoyment of Defendants' remaining property, and all successors in interest to Defendants' property will be allowed access through the border fence gates located on the Subject Property as well as any other border fence gates through which Defendants are granted access as identified in Exhibit 1 to the "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit

---

[21] Dkt. No. 41, p. 5, ¶ 4(h).

in the Registry of the Court for Tract RGV-RGC-2034" at all times except in the case of an emergency, or to the extent necessary for Plaintiff to exercise its authority under 8 U.S.C. § 1357 and implementing regulations. Plaintiff shall provide Defendants with the current keypad access code for the Gates, and will provide timely notice of any change or modification of the code to Defendants such that Defendants' access through the Gates shall be continuous and uninterrupted, except to the extent necessary for Plaintiff to exercise its authority under 8 U.S.C. § 1357 and implementing regulations. Defendants and all successors in interest will have the right to share, assign, or delegate the keypad access code used to operate the Gates without restriction, subject to the extent necessary for Plaintiff to exercise its authority under 8 U.S.C. § 1357 and implementing regulations.[22]

The parties have also agreed that the parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.[23] The parties also agree that Defendants Ninfa M. Mirelez, Edna Cantu and Ana Montalvo Garza shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to accomplish their stipulated final judgment.[24]

Finally, the parties have agreed that Defendants Ninfa M. Mirelez, Edna Cantu and Ana Montalvo Garza warrant that they are unaware of any unrecorded leases or agreements affecting the interest in the property taken in this proceeding on the date of taking.[25]

### III. HOLDING

---

[22] *Id.* at pp. 4–5, ¶ 4(g).
[23] *Id.* at p. 5, ¶ 4(i).
[24] *Id.* at p. 5, ¶ 4(k).
[25] *Id.* at p. 6, ¶ 4(l).

The Court **ORDERS** the Clerk of Court to **DISBURSE** the total sum of thirteen thousand two hundred nine dollars and 00/100 ($13,209.00), along with any accrued interest earned thereon while on deposit, payable by check as follows:

i. $4,403.00 to Ninfa M. Mirelez with accrued interest from the date of deposit;

ii. $4,403.00 to Edna Cantu with accrued interest from the date of deposit; and

iii. $4,403.00 to Ana Montalvo Garza with accrued interest from the date of deposit.

**IT IS HEREBY ORDERED** that this case be **DISMISSED** and **CLOSED** on the Court's docket.

SO ORDERED this 8th day of July, 2021, at McAllen, Texas.

_____
Randy Crane
United States District Judge

